1    XAVIER BECERRA
     Attorney General of California
2    KATHLEEN BOERGERS, State Bar No. 213530
     NELI N. PALMA, State Bar No. 203374
3    KARLI EISENBERG, State Bar No. 281923
     STEPHANIE T. YU, State Bar No. 294405
4    1300 I Street, Suite 125, P.O. Box 944255
     Sacramento, CA 94244-2550
5    Tel: (916) 210-7522; Fax: (916) 322-8288
     E-mail: Neli.Palma@doj.ca.gov
6    *Attorneys for Plaintiff State of California, by
     and through Attorney General Xavier Becerra*
7    JAMES R. WILLIAMS, State Bar No. 271253
     County Counsel
8    GRETA S. HANSEN, State Bar No. 251471
     LAURA S. TRICE, State Bar No. 284837
9    MARY E. HANNA-WEIR, State Bar No. 320011
     SUSAN P. GREENBERG, State Bar No. 318055
10   H. LUKE EDWARDS, State Bar No. 313756
     Office of the County Counsel, Cty. of Santa Clara
11   70 West Hedding Street, East Wing, 9th Fl.
     San José, CA 95110-1770
12   Tel: (408) 299-5900; Fax: (408) 292-7240
     Email: mary.hanna-weir@cco.sccgov.org
13   *Attorneys for Plaintiff County of Santa Clara*

     DENNIS J. HERRERA, State Bar No. 139669
     City Attorney
     JESSE C. SMITH, State Bar No. 122517
     Chief Assistant City Attorney
     RONALD P. FLYNN, State Bar No. 184186
     Chief Deputy City Attorney
     YVONNE R. MERÉ, State Bar No. 173594
     SARA J. EISENBERG, State Bar No. 269303
     JAIME M. HULING DELAYE, State Bar No. 270784
     Deputy City Attorneys
     City Hall, Rm 234, 1 Dr. Carlton B. Goodlett Pl.
     San Francisco, CA 94102-4602
     Tel: (415) 554-4633, Fax: (415) 554-4715
     E-Mail: Sara.Eisenberg@sfcityatty.org
     *Attorneys for Plaintiff City and County of San
     Francisco*

     LEE H. RUBIN, State Bar No. 141331
     Mayer Brown LLP
     3000 El Camino Real, Suite 300,
     Palo Alto, CA 94306-2112
     Tel: (650) 331-2000, Fax: (650) 331-2060
     Email: lrubin@mayerbrown.com
     *Attorneys for Plaintiffs County of Santa Clara, et
     al.*

     *Additional Counsel Listed on Signature Pages*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Plaintiff,<br><br>    vs.<br><br>ALEX M. AZAR II, et al.,<br><br>    Defendants. | No. C 19-02405 WHA<br>No. C 19-02769 WHA<br>No. C 19-02916 WHA<br><br>**PLAINTIFFS' RESPONSE TO ORDER RE USE OF TERM "ENTITY"**<br><br>Date:          October 30, 2019<br>Time:          8:00 AM<br>Courtroom:  12<br>Judge:         Hon. William H. Alsup<br>Action Filed: 5/2/2019 |
| STATE OF CALIFORNIA, by and through ATTORNEY GENERAL XAVIER BECERRA,<br><br>    Plaintiff,<br><br>    vs.<br><br>ALEX M. AZAR, et al.,<br><br>    Defendants. | |
| COUNTY OF SANTA CLARA, et al.<br><br>    Plaintiffs,<br><br>    vs.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>    Defendants. | |

1      **I.      THE 2019 RULE'S DEFINITION OF "ENTITY" INCLUDES "HEALTH CARE ENTITIES"**

2              The answer to the question posed in the Court's November 8, 2019 Order is yes. Church

3      does not use the term "health care entity," only "entity." The Rule, however, defines the term

4      "entity" to include essentially anyone, including all health care entities. It defines "entity" as:

5              a 'person' as defined in 1 U.S.C. 1; the Department; a State, political subdivision of
       any State, instrumentality of any State or political subdivision thereof; any public
6      agency, public institution, public organization, or other public entity in any State or
       political subdivision of any State; or, as applicable, a foreign government, foreign
7      nongovernmental organization, or intergovernmental organization . . . .

8      84 Fed. Reg. 23,263 (Section 88.2). In turn, Section 1 of the U.S. Code defines "person" to

9      "include corporations, companies, associations, firms, partnerships, societies, and joint stock

10     companies, as well as individuals." In other words, HHS's "entity" definition includes—without

11     limitation—any corporation, company, individual, government, or public agency.[1] The subset of

12     corporations, companies, individuals, and public entities that also qualify as "health care entities"

13     under the Rule *necessarily* fall within this capacious definition of "entity."

14             The regulatory history of the terms "entity" and "health care entity" supports this

15     conclusion. The 2019 Rule seeks to "generally reinstate" HHS's 2008 rule.[2] 84 Fed. Reg. 23,179.

16     In that earlier rule, HHS subsumed the term "entity" as used in Church under the definition of

17     "health care entity" as used in Weldon and Coats-Snowe. *See* 73 Fed. Reg. 78,072, 78,076 (Dec.

18     19, 2008) ("[T]he Department thought it would be beneficial to provide a clear and consistent

19     definition that it would apply when implementing any of the three statutes."); *id*. at 78,091

20     (Church "does not define the term 'entity,' and does not use the term 'health care entity.' In

21     keeping with the definitions in PHS Act § 245 and the Weldon Amendment, the Department

22     proposed to define 'health care entity' to include the specifically mentioned types of individuals

---

[1] HHS has argued that although there is no limiting principle within the definition of "entity" itself, "[f]or some statutes . . . , the Applicability paragraph [of the Rule] by its own terms may only implicate certain types of entities or only entities receiving certain types of funding." 84 Fed. Reg. 23,170. While the Applicability paragraph concerning the Church Amendment indicates that it applies only to entities that receive certain funding, nothing in that paragraph limits the types of entities covered. *Id.* at 23,264-65 (Section 88.3(a)(1)).

[2] The 2008 rule never meaningfully went into effect. *See New York v. v. U.S. Dep't of Health & Human Servs.*, 2019 WL 5781789, at *8–*9 (S.D.N.Y. Nov. 6, 2019). It became effective on January 20, 2009 without the certification requirements and was rescinded by the 2011 rule on February 23, 2011. During that period, it appears it was not enforced. *Id*. at *8.

1

1    and organizations from the two statutes, as well as other types of entities referenced in the Church

2    Amendments."). While the 2008 rule used identical definitions for the terms "entity" and "health

3    care entity," *id*. at 78,097, the 2019 Rule is even broader, going beyond the definitions covered by

4    the 2008 Rule. 84 Fed. Reg. 23,179, 23,263.[3]

5            Defendants may argue that the 2019 Rule attempts to limit "health care entity"—contending

6    that it applies only to instances specific to Weldon, Coats-Snowe, and ACA Section 1553. But the

7    2019 Rule makes clear that "health care entity" applies broadly to *any* circumstance in which a

8    conscience objection may be made. *Id*. at 23,184 ("If the Department becomes aware that a State

9    or local government or a health care entity may have undertaken activities that may violate *any*

10   statutory conscience protection…") (emphasis added); 23,194–96 ("health care entity"

11   encompasses a non-exclusive list that may vary case-by-case).[4] This renders unavailing any

12   argument by HHS that the 2019 Rule applies the term "health care entity" only to statutes that

13   include that term—namely, Weldon, Coats-Snowe, and ACA Section 1553.

14   **II.     HHS'S DEFINITION OF "ENTITY" CONFLICTS WITH CHURCH**

15           HHS's definition of the term "entity" conflicts with Church. As an initial matter, the

16   language, context, and legislative history of Church establish that it was intended to apply to

17   those with a close nexus to the procedure, like doctors and nurses, as well as religious hospitals.

18   By defining entity broadly enough to sweep in countless others, HHS has contravened Congress's

19   will. Moreover, both Coats-Snowe and Weldon define "health care entity" to include both

20   individuals and certain institutions. *See* 42 U.S.C. § 238n(c)(2); 132 Stat. 2981, 3118. But Church

21   carefully distinguishes between an "entity" and an "individual," with some provisions applying to

22   entities, some applying to individuals, and some applying to both. *See*, *e.g.*, 42 U.S.C. § 300a-

23   7(b) ("The receipt of any grant, contract, loan, or loan guarantee under [the covered Acts] by any

24

25   _____

[3] In 2011, HHS rescinded the 2008 definitions, stating that the 2008 Rule had "caused confusion regarding the scope of the federal health care provider conscience protection statutes" and might "negatively affect the ability of patients to access care if interpreted broadly." 76 Fed. Reg. at 9973–74; *see also New York*, 2019 WL 5781789, at *9. HHS's failure even to acknowledge that the 2011 rule rescinded the previous definition for fear of creating confusion is arbitrary and capricious. *New York*, 2019 WL 5781789, at *46.

[4] *See also* https://www.hhs.gov/sites/default/files/final-conscience-rule-factsheet.pdf (combining conscience protections of various provisions as protecting "health care entities and employees").

*individual or entity* does not authorize any court or any public official or other public authority to require -- (1) such *individual* to [take certain actions], or (2) such *entity* to [take certain actions]"); *id.* § 300a-7(c) (imposing requirements on "entit[ies]"); *id.* § 300a-7(d) (granting certain protections to an "individual"). It is clear from this language that the term "entity," as used in Church, was intended to exclude individual persons. *See S.E.C. v. McCarthy*, 322 F.3d 650, 656 (9th Cir. 2003) ("It is a well-established canon of statutory interpretation that the use of different words or terms within a statute demonstrates that Congress intended to convey a different meaning for those words."). Therefore, the term "entity" as used in Church cannot encompass the term "health care entity" as used in either Coats-Snowe or Weldon, because the phrase as defined in those provisions includes specified categories of individuals.

## III.   THE SUBSTANTIVE EXPANSION OF THE CHALLENGED DEFINITIONS REQUIRES VACATUR

The Rule's expansion of the definition of "entity" is but one of numerous ways that the Rule exceeds the scope of HHS's authority, making vacatur the appropriate remedy. *New York* , 2019 WL 5781789, at *24, *29, *66 (vacating the Rule because, *inter alia*, HHS lacked authority to substantively alter statutory definitions). Indeed, this Court need look no further than the definitions of the terms "assist in the performance," "refer," "healthcare entity," and "discrimination" to vacate the Rule, as those definitions go to the heart of the Rule and create a new system for refusals and accommodation. Congress did not grant HHS the authority to construe Church to cover such a broad range of funding recipients—imposing substantive obligations and creating refusal rights and enforcement powers never contemplated in the statute. *New York*, 2019 WL 5781789, at *29, *33, *66-67 ("With respect to the Church, Coats-Snowe, and Weldon Amendments, HHS was never delegated and did not have substantive rule-making authority"); Pls.' Mot. 27-30; Pls.' Reply 3-7. Based on these and several other independent violations of the APA demonstrated by Plaintiffs, as well as the Rule's constitutional infirmities, vacatur of the Rule is warranted. *New York*, 2019 WL 5781789, at *67-72 (citations omitted); Pls.' Mot. 30-35, 54-55; Pls.' Reply 3-7, 20.

Respectfully Submitted,

Dated:  November 12, 2019

XAVIER BECERRA
Attorney General of California
KATHLEEN BOERGERS
Supervising Deputy Attorney General

*/s/ Neli N. Palma*

NELI N. PALMA
KARLI EISENBERG
STEPHANIE T. YU
Deputy Attorneys General
*Attorneys for Plaintiff State of California, by and through Attorney General Xavier Becerra*

Dated:  November 12, 2019

By: */s/ Lee H. Rubin*

LEE H. RUBIN
lrubin@mayerbrown.com
Mayer Brown LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112
Tel: (650) 331-2000

MIRIAM R. NEMETZ*
mnemetz@mayerbrown.com
NICOLE SAHARSKY*
nsaharsky@mayerbrown.com
ANDREW TAUBER*
Mayer Brown LLP
1999 K Street, Northwest
Washington, DC 2006-1101
Tel: (202) 263-3000
*Counsel for Plaintiffs County of Santa Clara, Trust Women Seattle, Los Angeles LGBT Center, Whitman-Walker Clinic, Inc. d/b/a Whitman-Walker Health, Bradbury Sullivan LGBT Community Center, Center on Halsted, Hartford Gyn Center, Mazzoni Center, Medical Students For Choice, AGLP: The Association of LGBT+Psychiatrists, American Association of Physicians For Human Rights d/b/a GLMA: Health Professionals Advancing LGBT Equality, Colleen McNicholas, Robert Bolan, Ward Carpenter, Sarah Henn, and Randy Pumphrey*

Dated:  November 12, 2019

DENNIS J. HERRERA
City Attorney
JESSE C. SMITH
RONALD P. FLYNN
YVONNE R. MERÉ
SARA J. EISENBERG
JAIME M. HULING DELAYE
Deputy City Attorneys

By: */s/ Sara J. Eisenberg*

SARA J. EISENBERG
Deputy City Attorney
*Attorneys for Plaintiff City and County of San Francisco*

Dated:  November 12, 2019

By: */s/ Mary E. Hanna-Weir*

JAMES R. WILLIAMS
County Counsel
GRETA S. HANSEN
Chief Assistant County Counsel
LAURA S. TRICE
Lead Deputy County Counsel
MARY E. HANNA-WEIR
SUSAN P. GREENBERG
H. LUKE EDWARDS
Deputy County Counsels
mary.hanna-weir@cco.sccgov.org
Office of the County Counsel,
  County of Santa Clara
70 West Hedding Street, East Wing, 9th Floor
San José, California 95110-1770
Tel: (408) 299-5900
*Counsel for Plaintiff County of Santa Clara*

4

1    Dated:  November 12, 2019                    Dated:  November 12, 2019

2    By: */s/ Richard B. Katskee*                 By: */s/ Jamie A. Gliksberg*

3    RICHARD B. KATSKEE*                          JAMIE A. GLIKSBERG*
     katskee@au.org                               jgliksberg@lambdalegal.org
4    KENNETH D. UPTON, JR.*                       CAMILLA B. TAYLOR*
     upton@au.org                                 ctaylor@lambdalegal.org
5    Americans United for Separation              Lambda Legal Defense and
       of Church and State                          Education Fund, Inc.
6    1310 L Street NW, Suite 200                  105 West Adams, 26th Floor
     Washington, DC 20005                         Chicago, IL 60603-6208
7    Tel: (202) 466-3234                          Tel: (312) 663-4413
     *Counsel for Plaintiffs Trust Women Seattle,*
8    *Los Angeles LGBT Center, Whitman-Walker*    OMAR GONZALEZ-PAGAN*
     *Clinic, Inc. d/b/a Whitman-Walker Health,*  ogonzalez-pagan@lambdalegal.org
9    *Bradbury Sullivan LGBT Community Center,*   Lambda Legal Defense and
     *Center on Halsted, Hartford Gyn Center,*      Education Fund, Inc.
10   *Mazzoni Center, Medical Students For*       120 Wall Street, 19th Floor
     *Choice, AGLP: The Association of*           New York, NY 10005-3919
11   *LGBT+Psychiatrists, American Association*   Tel: (212) 809-8585
     *of Physicians For Human Rights d/b/a*
12   *GLMA: Health Professionals Advancing*       PUNEET CHEEMA*
     *LGBT Equality, Colleen McNicholas, Robert*  pcheema@lambdalegal.org
13   *Bolan, Ward Carpenter, Sarah Henn, and*     Lambda Legal Defense and
     *Randy Pumphrey*                               Education Fund, Inc.
14                                                1776 K Street NW, 8th Floor
                                                  Washington, DC 20006
15   Dated:  November 12, 2019                    Tel: (202) 804-6245, ext. 596
                                                  *Counsel for Plaintiffs Trust Women Seattle,*
16   By: */s/ Genevieve Scott*                    *Los Angeles LGBT Center, Whitman-Walker*
                                                  *Clinic, Inc. d/b/a Whitman-Walker Health,*
17   GENEVIEVE SCOTT*                             *Bradbury Sullivan LGBT Community Center,*
     gscott@reprorights.org                       *Center on Halsted, Hartford Gyn Center,*
18   RABIA MUQADDAM*                              *Mazzoni Center, Medical Students For*
     rmuqaddam@reprorights.org                    *Choice, AGLP: The Association of*
19   Center for Reproductive Rights              *LGBT+Psychiatrists, American Association*
     199 Water Street, 22nd Floor                 *of Physicians For Human Rights d/b/a*
20   New York, NY 10038                           *GLMA: Health Professionals Advancing*
     Tel: (917) 637-3605                          *LGBT Equality, Colleen McNicholas, Robert*
21   *Counsel for Plaintiffs Trust Women Seattle,* *Bolan, Ward Carpenter, Sarah Henn, and*
     *Los Angeles LGBT Center, Whitman-Walker*    *Randy Pumphrey*
22   *Clinic, Inc. d/b/a Whitman-Walker Health,*
     *Bradbury Sullivan LGBT Community Center,*
23   *Center on Halsted, Hartford Gyn Center,*    * Admitted pro hac vice
     *Mazzoni Center, Medical Students For*
24   *Choice, AGLP: The Association of*
     *LGBT+Psychiatrists, American Association*
25   *of Physicians For Human Rights d/b/a*
     *GLMA: Health Professionals Advancing*
26   *LGBT Equality, Colleen McNicholas, Robert*
     *Bolan, Ward Carpenter, Sarah Henn, and*
27   *Randy Pumphrey*

28

                                    5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the Clerk of the Court for the United States District Court for the Northern District of California by using the ECF system on November 12, 2019.  All participants in the case who are registered ECF users will be served by the ECF system.

By: */s/ Lee H. Rubin*